**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| BEMO USA CORPORATION; KOVACH, INC. <br><br> Plaintiffs - Appellees, <br><br> v. <br><br> JAKE'S CRANE, RIGGING & TRANSPORT INTERNATIONAL, INC., <br><br> Defendant - Appellant. | No. 10-16663 <br><br> D.C. No. 2:08-cv-00745-JCM-PAL <br><br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Submitted October 24, 2011[**]
San Francisco, California

Before: GRABER and IKUTA, Circuit Judges, and KAPLAN,[***] District Judge.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      This panel unanimously finds this case suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Lewis A. Kaplan, Senior District Judge for the United States District Court for the Southern District of New York, sitting by designation.

The district court did not err in granting summary judgment in favor of Bemo USA Corp. for the business interruption damages of $2,996,661 because the district court's decision to admit Martha Zehnder's report as reliable expert opinion evidence was not "illogical, implausible, or without support in inferences that may be drawn from facts in the record." *United States v. Hinkson*, 585 F.3d 1247, 1263, 1264–65 (9th Cir. 2009) (en banc). Ms. Zehnder's background and the contents of her report provided ample basis for the district court to conclude that her opinion was sufficiently reliable to be received in evidence, particularly as the report provided considerable detail as to her precise methodology and there was no challenge to its propriety. This was, therefore, one of those "ordinary cases where the reliability of the expert's methods [wa]s properly taken for granted," *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 152 (1999), and there was no abuse of discretion.[1]

---

[1] The contention that the district court erred because the report failed to affirm explicitly that it was based on generally accepted accounting principles ("GAAP") fails for at least two reasons. First, the district court could reasonably conclude from the phrasing of Zehnder's disclaimer that she did use GAAP except to the extent that she capped damages according to the requirements of the insurance policy. *See* Fed. R. Evid. 104(a). Second, there was no evidence that GAAP even addresses the question how damages for business interruption should be computed, much less that Ms. Zehnder failed to adhere to GAAP.

Jake's Crane, Rigging & Transport International Inc. waived its mitigation defense because it was not "argued specifically and distinctly" in its opening brief on appeal. *See Greenwood v. FAA*, 28 F.3d 971, 977 (9th Cir. 1994). In any event, a mitigation defense would not succeed: there is no dispute that the manufacturing time for the replacement machine was 12 to 15 months, so Bemo USA Corp. would be entitled to recover for at least one year of business income loss regardless of any delay in ordering the new machine.

**AFFIRMED.**